**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

DENNIS E. FORT,
<u>Claimant-Appellant,</u>

and

TRACT 1 CUMBERLAND COUNTY LAND,
1300 Turnpike Road, Cross Creek
Township, Fayetteville, NC, deed
recorded at Book 2998, Page 77 of
the Cumberland County Registry,
being titled in the names of William
H. Lawrence and wife, Rosemary C.
Lawrence, with buildings,

No. 97-2446

appurtenances and improvements
thereto, and any and all proceeds
from the sale of said property;
TRACT 2 CUMBERLAND COUNTY LAND,
1305 Turnpike Road, Fayetteville,
NC, deed recorded at Book 3423,
Page 0385 of the Cumberland
County Registry, being titled in the
name of Dennis E. Fort, with
buildings, appurtenances, and
improvements thereto, and any and
all proceeds from the sale of said
property; TRACT 3 CUMBERLAND
COUNTY LAND, 1517 Pierce Street,
Cross Creek Township, City of
Fayetteville, NC, deed recorded at

Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances, and improvements thereto, and any and all proceeds from the sale of said property; TRACT 4 CUMBERLAND COUNTY LAND, 1519 Pierce Street, Cross Creek Township, City of Fayetteville, NC, deed recorded at Book 3600, Page 0893 and Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances, and improvements thereto, and any and all proceeds from the sale of said property; TRACT 5 CUMBERLAND COUNTY LAND, 1208 Turnpike Road, Cross Creek Township, Fayetteville, NC deed recorded at Book 3561, Page 0506 and Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances, and improvements thereto, and any and all proceeds from the sale of said property; TRACT 6 CUMBERLAND COUNTY LAND, 1214 Morgan Street, Cross Creek Township, Fayetteville, NC, deed recorded at Book 3576, Page 0732 and Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of

2

James Fort, with buildings, appurtenances, and improvements thereto, and any and all proceeds from the sale of said property; TRACT 7 CUMBERLAND COUNTY LAND, 1002 Ellis Street, Fayetteville, NC, deed recorded at Book 3695, Page 0473 and Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances and improvements thereto, and any and all proceeds from the sale of said property; TRACT 8 CUMBERLAND COUNTY LAND, 112 Chase Street, Cross Creek Township, Fayetteville, NC, deed recorded at Book 3633, Page 0482 and Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances and improvements thereto, and any and all proceeds from the sale of said property; TRACT 9 CUMBERLAND COUNTY LAND, 116 Chase Street, Cross Creek Township, Fayetteville, NC, deed recorded at Book 3633, Page 0482 and Book 3750, Page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances and improvements thereto, and any and all proceeds from the sale of said property; TRACT 10 CUMBERLAND

COUNTY LAND, Route 1, Box 223B, Blake Street, Stedman, NC, deed recorded at Book 768, Page 288 of the Cumberland County Registry, being titled in the name of Mae Francis Fort and listed in the tax records as belonging to James Edward Fort, with buildings, appurtenances and improvements thereto, and any and all proceeds from the sale of said property;

TRACT 11 CUMBERLAND COUNTY LAND, 490 Warm Springs Drive, Fayetteville, NC, deed recorded at Book 3624, Page 0423 and Book 3750, page 667 of the Cumberland County Registry, being titled in the name of James Fort, with buildings, appurtenances and improvements thereto, and any and all proceeds from the sale of said property;

TRACT 12 CUMBERLAND COUNTY LAND, 1202 Morgan Street, Cross Creek Township, Fayetteville, NC, deed recorded at Book 3781, Page 0242 of the Cumberland County Registry, being titled in the name of James Edward Fort, with buildings, appurtenances and improvements thereto, and any and all proceeds from the sale of said property;

TRACT 13 CUMBERLAND COUNTY LAND, 1208-A Morgan Street, Cross Creek Township, Fayetteville, NC, deed recorded at Book 3612, Page 0683 and Book 3750, Page 667

4

of the Cumberland County Registry,
being titled in the name of James
Fort, with buildings, appurtenances
and improvements thereto, and any
and all proceeds from the sale of
said property,
Defendants,

and                                                                                    No. 97-2446

JAMES EDWARD FORT; JENNIFER ROBIN
GRAHAM; ROSEMARY C. LAWRENCE;
CUMBERLAND COUNTY; THE CITY OF
FAYETTEVILLE; TILLMAN V. JACKSON;
LAVEDA M. JACKSON; MARY MONROE
DEPRATER,
Claimants.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
W. Earl Britt, Senior District Judge.
(CA-92-57-3-BR)

Submitted: July 28, 1998

Decided: October 8, 1998

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis E. Fort, Appellant Pro Se. G. Norman Acker, III, OFFICE OF
THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee.

5

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dennis Edward Fort appeals from the district court's order denying his "Motion to Set Aside Judgement [sic] and for the Return of Property or Just Compensation." We affirm.

Fort first asserts that he did not receive notice that real property belonging to him was subject to forfeiture under 21 U.S.C. § 881(a)(7) (1994), thus explaining his failure to file a claim. Our review reveals that this claim is flatly contradicted by Fort's allegations, made under penalty of perjury, in prior pleadings. Next, Fort asserts that he was entitled to additional notice when the forfeiture advanced from an administrative to a judicial proceeding. This claim is entirely without merit. The forfeiture at issue involved the loss of real property and it therefore commenced in the district court as a judicial proceeding.

Finally, Fort claims that he was entitled to pre-seizure notice and hearing. The Supreme Court in United States v. James Daniel Good Real Property, 510 U.S. 43 (1993), established that in civil forfeiture proceedings, absent exigent circumstances, Fifth Amendment due process concerns require the government to provide both pre-seizure notice and a meaningful opportunity to be heard. Good, however, issued after the forfeiture in this case became final, and we conclude that its protections are not retroactively applicable on these facts. See United States v. Marsh, 105 F.3d 927, 931 (4th Cir. 1997).

Accordingly, we affirm the district court's denial of Fort's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED